**NORRIS, McLAUGHLIN & MARCUS, P.A.**
**721 Route 202-206, Suite 200**
**Bridgewater, New Jersey 08807-5933**
**(908)-722-0700**
**Attorneys for Defendants David Lawrence, Eric Laning, and Safety and Ecology**
**Corporation**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL C. BACHEMIN, KATHERINE C. THACKER, and JAASON M. WATSON, | CASE NO.  11-cv-05859-WJM-MF |
| Plaintiffs, | ELECTRONICALLY FILED |
| -vs- | |
| DAVID LAWRENCE, ERIC LANING, and SAFETY AND ECOLOGY CORPORATION, | ANSWER & AFFIRMATIVE DEFENSES |
| Defendants. | |

Defendants, David Lawrence, Eric Laning and Safety and Ecology Corporation ("SEC")

(collectively "Defendants") by way of Answer to Plaintiffs' Complaint states as follows:

### PARTIES

1.      Defendants admit the allegations contained in Paragraph 1 of the Complaint.

2.      Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3.      Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4.      Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5.      Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6.      Defendants admit the allegations contained in Paragraph 6 of the Complaint.

## FIRST COUNT

### (Violation of CEPA)

7.      Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8.      Defendants state that 29 CFR 1910.120(e) speaks for itself and Defendants deny all allegations in Paragraph 8 of the Complaint that are inconsistent with the actual text of 29 CFR 1910.120(e).

9.      Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10.     Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11.     Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12.     Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13.     Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14.     Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15.     Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.     Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.     Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.     Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.   Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.   Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.   Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.   Defendants deny the allegations contained in Paragraph 29 of the Complaint.

## SECOND COUNT
### (Violation of New Jersey Civil Rights Act)

30.   Defendants repeat and reallege its Answer to Count I as if fully set forth herein.

31.   Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.   Defendants deny the allegations contained in Paragraph 32 of the Complaint.

All allegations of the Complaint not specifically admitted herein are hereby denied.

All prayers for relief contained in the Complaint are hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs do not set forth and cannot establish a *prima facie* case under N.J.S.A. 34:19-1, *et seq.*

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs do not set forth and cannot establish a *prima facie* case of discrimination under the New Jersey Civil Rights Act.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants' action or inaction concerning Plaintiffs was based on legitimate, business-related, reasons.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs were not subject to actionable adverse employment actions that were related to any protected characteristic or activity.

### SIXTH AFFIRMATIVE DEFENSE

Defendants acted in good faith and in accordance with applicable laws, rules, regulations, guidelines and/or public policy and have not violated any rights which may be secured to Plaintiffs under any applicable law, rule, regulation, guideline and/or under public policy.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Defendants have established and complied with policies, programs and procedures that prevent, detect, and correct alleged discriminatory behavior and otherwise complied with all legal requirements in handling such matters. Plaintiffs' claims also fail because they failed to comply with Defendants' policies, programs and/or procedures.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Defendants exercised reasonable care and diligence to prevent discriminatory behavior and Plaintiffs failed to complain about any such alleged behavior.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail because Plaintiffs cannot show that Defendants treated any similarly situated employees of a different protected characteristic more favorably than Plaintiffs.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail because they cannot show they suffered any adverse employment action that was taken for a pretextual reason, or reason based on any protected characteristic or activity.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail because Defendants would have made the same legitimate decision with regard to Plaintiffs' status with Defendants regardless of any protected characteristic.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail because Defendants took no discriminatory action against Plaintiffs at any time, including during or after Plaintiffs' employment with Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the stray remarks doctrine.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to punitive damages because, *inter alia*, they cannot show that members of upper management engaged in especially egregious behavior.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to punitive damages, in that they can neither demonstrate malice, actual participation, or reckless indifference by management, to any protected rights of Plaintiffs, nor can Plaintiffs impute liability for punitive damages to Defendants because of Defendants' good faith efforts to comply with applicable law.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover punitive damages for purported discriminatory decisions, if any, to the extent that those decisions are contrary to the written policies that Defendants instituted against wrongful conduct.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages are barred, in whole or in part, by the New Jersey Constitution and/or by the statute(s) under which this action purportedly is brought.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the exclusivity provisions of the New Jersey Workers' Compensation Act, N.J.S.A. 34:15-1, *et. seq.*

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because of Plaintiffs' unclean hands.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of accord and satisfaction, release, failure of consideration, estoppel, waiver, laches, *res judicata*, as well as the entire controversy doctrine and/or issue preclusion.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the after-acquired evidence doctrine.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate their damages, if any, as required by law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The proximate cause of Plaintiffs' injuries or damages, if any, was the conduct of the Plaintiffs and not the Defendants.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The conduct complained of was caused by the action and/or inaction of the Plaintiffs and/or a third party over whom the Defendants exercised no control and for which it bears no responsibility.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint contains insufficient information to permit Defendants to raise all appropriate defenses, and, therefore, Defendants reserve the right to amend and/or supplement this Answer with additional affirmative defenses.

WHEREFORE, Defendants demand judgment in its favor dismissing Plaintiffs' Complaint with prejudice, and awarding Defendant its reasonable attorneys' fees and costs, together with all such other relief as the Court deems equitable and just.

BY: /s/ Margaret Raymond Flood (MR0385)
Norris McLaughlin & Marcus, P.A.
721 Route 202-206, Suite 200
Bridgewater, NJ 08807
PH: 908—722-0700
Fax: 908-722-0755
EMAIL: mrflood@nmmlaw.com
Attorneys for Defendants, David Lawrence, Eric
Laning and Safety & Ecology Corporation

Dated: October 28, 2011

7

### CERTIFICATE OF SERVICE

I, Margaret Raymond Flood, Esq. hereby certify that a copy of the foregoing Answer was electronically filed with the United States District Court and electronic copies were served upon Gerald Jay Resnick, Esq., counsel for Plaintiffs.

/s/ Margaret Raymond Flood
Margaret Raymond Flood

8